United States District Court
for the
Southern District of Florida

United States of America,         )
                                   )
v.                               )
                                   )  Criminal Case No. 22-20429-CR-Scola
                                   )
Zenen Pumariega, Defendant.    )

### Order Denying Motion for Reduction of Sentence

This matter is before the Court on the Defendant Zenen Pumariega's motion for a reduction of sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 282.) There is no need for the Government to respond. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Pumariega's motion. (**Mot., ECF No. 282**.)

### 1. Background

On November 17, 2023, the Defendant Zenen Pumariega was sentenced to 57 months in prison after pleading guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. (ECF Nos. 193, 194, 230, 232.) Pumariega's sentence was based upon an offense level of 21 and criminal history category of IV, which resulted in a Sentencing Guidelines range of 57 to 71 months of imprisonment.

Mr. Pumariega now moves for a reduction of his sentence on the basis of A) the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A) and B) retroactive application of the United States Sentencing Commission's Amendment 821 to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

### 2. Analysis

### A. Compassionate release

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they

are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13(a). As detailed in the applicable policy statement, extraordinary and compelling reasons may exist where a defendant has a serious health condition, is elderly, has a family member that depends upon the defendant for care, is a victim of abuse while incarcerated, or in other circumstances of similar gravity to those enumerated. *Id.* The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

Here, Zumariega's motion states that he seeks compassionate release, but provides no grounds for establishing that he exhausted administrative remedies, that extraordinary and compelling reasons warranting release exist, or that he is not a danger to the community. The Defendant has the burden to establish that compassionate release is appropriate, so the Court cannot grant relief in the absence of any facts or arguments offered by Zumariega. The Court therefore denies Zumariega's motion as it pertains to compassionate release.

### B. Amendment 821

Second, the Defendant requests a reduction of sentence based on Amendment 821. "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and

whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

The retroactive amendment that Pumariega invokes here is Part A of Amendment 821, which affects § 4A1.1's assessment of status points used to calculate a defendant's criminal history category. Pumariega claims that he was given status points that caused an increase in his criminal history category, and that these should now be removed and his sentence reduced. He is correct that he received one status point at sentencing because he was on probation at the time of the offense. He was therefore assessed one status point for a total of eight criminal history points, corresponding to criminal history category IV. However, even if the Court removed his one status point, his criminal history category would still be category IV based on a new total of seven criminal history points. The application of Amendment 821 would not change Pumariega's sentence, so Pumariega is not eligible for relief.

Mr. Zumariega's motion for compassionate release and reduction of sentence is therefore **denied**. (**ECF No. 282**.)

**Done and ordered** at Miami, Florida on July 1, 2024.

Robert N. Scola, Jr.
United States District Judge